UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Salih Abdul Malik Al-Bey,                  Case No. 3:22-cv-02159
aka Darrick Newsome, Jr.,
aka Darrick E. Newsome,
aka Derrick E. Newsome,

          Plaintiff

    v.                                              MEMORANDUM OPINION
                                                   AND ORDER

Lori L. Olender, et al.

          Defendants

## I. INTRODUCTION

*Pro se* plaintiff Salih Abdul Malik Al-Bey (*aka* Darrick Newsome, Jr., Darrick E. Newsome, and Derrick E. Newsome) filed this civil rights complaint against Judge Lori L. Olender and Assistant Prosecutor Evy M. Jarrett (Doc. No. 1). For the reasons stated below, I am dismissing the Complaint pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

## II. BACKROUND

Plaintiff's complaint consists of a brief statement of claim and a fifty-page attachment, which includes an "affidavit of fact." (*See* Doc. No. 1-1). As best the Court can discern, Plaintiff appears to challenge his conviction in the Lucas County Court of Common Pleas. He claims that Judge Olender and Assistant Prosecutor Jarrett "failed to produce the certified delegation of authority

order" that grants them power to participate in his state criminal matter and he is therefore being unlawfully held "as surety." Plaintiff seeks his immediate release.

### III. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). And the Court holds a *pro se* complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing Haines, 404 U.S. at 520). The Court is not required, however, to conjure unpleaded facts or construct claims on a plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

The Court is permitted to conduct a limited screening and to dismiss, sua sponte, a fee-paid complaint if it appears that the allegations are so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction)). The requirement "that a plaintiff be given the opportunity to amend does not apply to sua sponte dismissals for lack of jurisdiction pursuant to *Hagans*." *Id.* (citing *Tingler v. Marshall*, 716 F.2d 1109, 1111 (6th Cir. 1983)).

### IV. ANALYSIS

Upon review, I find that Plaintiff's complaint must be dismissed. The Supreme Court has clearly held that "[w]hen a state prisoner challenges the very fact or duration of his physical imprisonment and by way of relief seeks...immediate release or a speedier release, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Here, Plaintiff appears to be challenging his conviction, and he is requesting "immediate

2

release." (*See* Doc. No. 1 at 4). Plaintiff's sole federal remedy is a writ of habeas corpus. I must therefore dismiss Plaintiff's civil rights complaint.

## V. CONCLUSION

For the reasons stated above, I dismiss this action in its entirety under *Apple v. Glenn*.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
